**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CASTRO & CO., LLC,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| *v.* | ) | **Case No. _____** |
| | ) | |
| **DIAMOND OFFSHORE SERVICES** | ) | |
| **LIMITED, JANE MUNOZ, AND** | ) | |
| **EMILY ROSENBURG** | ) | |
| | ) | |
| **Defendants.** | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff Castro & Co., LLC (hereinafter "Castro" or "Plaintiff"), files this lawsuit against Diamond Offshore Services Limited, Jane Munoz, and Emily Rosenburg (hereinafter, individually "Defendant DO," "Defendant Munoz," and "Defendant Rosenburg" respectively; or, collectively as "Defendants") on behalf of itself and its client Johann Rabe and alleges, by and through its attorney of record, as follows:

### JURISDICTION AND VENUE

1.      This Court has subject-matter jurisdiction over this action under 28 U.S.C. §1331.

2.      This is a suit that arises under Federal Law and Texas State Law. The Federal claim is a violation of 26 CFR 31.6051-1 and the Texas State Law claim is for Tortious Interference with a Contract. This Court has jurisdiction over the Texas claim through the exercise of its supplemental jurisdiction as the claim arises out of the same facts as the Federal Question claim.

3.      Venue is proper in this Court under 28 U.S.C. §1332(a) because this is a civil action, and all or a substantial portion of the persons or property the subject of this suit is located in Texas.

4.      Specifically, the sum sought to be recovered is an injunction compelling

Defendants to comply with federal law and $100,000.00 in actual and compensatory damages.

## PARTIES

5.      Plaintiff, Castro & Co., LLC, is a Wyoming Limited Liability Company, registered to conduct business in Texas whose principal business address in Texas is 13155 Noel Rd., Suite 900, Dallas, Texas 75240.

6.      Defendant Diamond Offshore Services Limited, is a Delaware Corporation, registered to conduct business in Texas. Diamond Offshore Services Limited's agent for service of process is CT Corporation System who may be served with process at the following address: 1999 Bryan St., Ste. 900, Dallas, TX 75201. Service of said Defendant as described above may be effected by personal delivery.

7.      Defendant Jane Munoz is an employee of Diamond Offshore Services Limited and service upon Diamond Offshore Services Limited shall also constitute service on Defendant Munoz.

8.      Defendant Emily Rosenburg is an employee of Diamond Offshore Services Limited and service upon Diamond Offshore Services Limited shall also constitute service on Defendant Rosenburg.

## FACTUAL ALLEGATIONS

9.      Castro & Co., LLC (hereinafter "Castro & Co.") is a U.S. based law firm that specializes in International Tax matters. Services provided by Castro & Co. to clients include: U.S. based Federal annual tax compliance, issuing tax opinions on complex International and Tax Treaty compliance issues, tax return amendments, tax planning and consulting, among other tax matters.

10.     On or about May 2015, Castro & Co. was hired by Johann Rabe (hereinafter "Johann Rabe" or "Rabe") to coordinate the correction of his Form W-2s and ensure that any US tax filing obligations were addressed.

11.     Johann Rabe brought to the attention of Castro & Co. that his employer, Diamond Offshore Services Limited, had for many years been withholding taxes incorrectly because Defendant DO had failed to adjust Rabe's status after he had renounced his U.S. ties. Defendant DO's failure to update Rabe's status led Defendant DO to withhold taxes from Rabe's check that should not be withheld from a non-resident, non-citizen of the United States.

12.     Castro & Co. has tirelessly attempted to work with Defendant DO to get Defendant DO to issue corrected Form W-2s to Rabe for all years effected by the mistaken classification. Castro & Co. has worked with Defendants Munoz and Rosenburg in attempting to get the corrected Form W-2s issued. Despite providing extensive evidence of Rabe's appropriate renunciation of U.S. ties and his non-resident, non-citizen of the United States status, Defendant DO refuses to issue corrected forms as required by Federal Law.

## COUNT I
### (Failure to Comply with 26 CFR 31.6051-1)

13.     26 CFR 31.6051-1(c) governs correction of statements. This section requires (i) if the amount of employee tax under section 3101 deducted and withheld in the calendar year from the wages, as defined in section 3121(a), paid during such year was less or greater than the tax imposed be section 3101 on such wages by reason of the adjustment in such year of an overcollection or undercollection of the tax in any prior year, or (ii) regardless of the reason for the error or the method of its correction, the amount of wages as defined in section 3121(a), or tax under section 3101, entered on a statement furnished pursuant to this section to an employee for a prior year was incorrect, a corrected statement for such prior year reflecting the adjustment or the

correct data shall be furnished to the employee. Such statement shall be marked "corrected by Employer." See 26 CFR 31.6051-1(c)(1). Additionally, statements and corrected statement should be furnished by an employer to an employee shall be by January 31 of the succeeding calendar year. See 26 CFR 31.6051-1(d).

14.    Defendant DO has been notified by Rabe and Castro & Co. of the errors in the W-2s issued to Rabe and has failed to issue corrected W-2s as required by Federal Law.

**COUNT II**
**(Tortious Interference with and Existing Contract)**

15.    A tortious interference with an existing contract claim arises when 1) a contract subject to interference exists; 2) a willful and intentional act of interference occurs; 3) the act was a proximate cause of the plaintiff's damages; and 4) actual damages or loss occurred.

16.    To prove an action for tortious interference with an existing contract, the plaintiff must establish the existence of a valid contract. See S*teinmetz & Assoc.*, *Inc. v. Crow,* 700 S.W.2d 276, 277 n.1 (Tex. App. – San Antonio 1985, writ ref'd n.r.e.). Castro & Co. would show that it has entered into a contract with Rabe to assist in addressing Rabe's tax predicament. This includes working with Defendant DO to issue corrected tax documents in order to submit those documents to the United States Internal Revenue Service to correct Rabe's overpayment of tax liability. Castro & Co. would show that multiple requests have been made with Defendant DO and Castro & Co. has provided all available documentation to support Defendant DO's obligation of correcting Rabe's tax statements. However, Defendant DO has outright refused to issue corrected tax forms.

17.    Castro & Co. would show that Defendants had actual knowledge of the contract or business relationship in question, or alternatively, that Defendants had knowledge of facts and circumstances that would lead a reasonable person to believe in the existence of a contract or business relationship as required to maintain a cause of action for tortious interference. See

S*teinmetz,* 700 S.W.2d 276, 277. The fact that Castro & Co. was contacting Defendants on behalf of Rabe would alone be sufficient to put Defendant on notice that a contractual relationship existed. Further, Castro & Co. has provided information to Defendant that Castro & Co. would not otherwise be able to access if a contractual relationship did not exist between Castro & Co. and Johann Rabe.

18.     Castro & Co. would show that Defendants willfully and intentionally interfered with the existing contract between Castro & Co. when Defendants requested information from Castro & Co. and failed to correct Rabe's tax documents once such information was provided. The act by Defendants was willful and intentional, and Defendants acted with knowledge of the existing contract.

19.     Castro & Co. would show that Defendants' actions proximately caused Castro & Co.'s damages because but for Defendant's willful and intentional failure to correct Rabe's tax documents Castro & Co.'s services for Johann Rabe would have moved forward appropriately and Castro & Co. would not have lost expected revenue under this contract. Additionally, Castro & Co. would not have to do additional work for this client that it will be unable to bill in order to remedy Defendants' errors.

20.     Castro & Co. would show that it was actually damaged in the amount of $100,000.00 based on lost revenue under the contract with Rabe because Defendants have inappropriately failed to correct Rabe's tax documents and reissue the documents in a timely manner, opportunity cost of working to minimize the effect of Defendants' willful and intentional refusal to follow the law, loss of good will, and attorney's fees to pursue this matter.

## DAMAGES

21.     As a direct and/or proximate result of Defendants' wrongful conduct, Castro & Co.

has suffered actual, consequential and/or incidental monetary damages.

22.     Plaintiff, Castro & Co, LLC, seeks an award of attorney's fees, litigation costs, administrative costs, expenses, and any other permissible amount to the furthest extent legally permissible under Texas Law.

23.     Plaintiff, Castro & Co. LLC, seeks an injunction, ordering Defendants to comply with federal law and issue the corrected form W-2s to Johann Rabe.

24.     Plaintiff, Castro & Co., LLC seeks actual compensatory damages in the amount of $100,000.00 for the Defendants' Tortious Interference with an Existing Contract.

25.     Plaintiff, Castro & CO., LLC, seeks judgement for such sums in addition to pre- and post- judgment interest, costs of court, and such other and any other relief to which he may be entitled.

## JURY DEMAND

26.     Plaintiff hereby demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff herein respectfully prays that Diamond Offshore Services Limited, Jane Munoz, and Emily Rosenburg be cited to appear and answer, and that upon jury trial, Plaintiff recover a judgment against Diamond Offshore Services Limited, Jane Munoz, and Emily Rosenburg for all damages sought, including costs of court, prejudgment interest at the highest rate allowed by law, interest on the judgement at the highest legal rate from the date of judgment until collected, an injunction against Defendants ordering correction of the tax forms, and any other relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

Dated: March 12, 2018

*Josh Milam*

JOSHUA S. MILAM
Texas Bar No. 24102203
**CASTRO & CO., LLC**
J.Milam@CastroAndCo.com
13155 Noel Road, Suite 900
Dallas, TX 75240
Tel. (214) 998-9607
Fax: (866) 700-7595

**ATTORNEY FOR PLAINTIFF**