IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CASTRO & CO., LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-574-M |
| | § | |
| DIAMOND OFFSHORE SERVICES | § | |
| LIMITED, JANE MUNOZ, AND | § | |
| EMILY ROSENBURG, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Diamond Offshore Services Limited ("Diamond") has filed a Motion

for Rule 11 Sanctions, *see* Dkt. No. 21, seeking "an order sanctioning plaintiffs, Johann

Rabe and Castro & Co., LLC (Plaintiffs), plaintiffs' counsel, Mr. Joshua S. Milam, and

Castro & Co.'s principal, John A. Castro (Castro)" under Federal Rule of Civil

Procedure 11(b)(1)-(4) and 11(c)(1), *id.* at 1.

Chief Judge Barbara M. G. Lynn referred the Motion for Rule 11 Sanctions to

the undersigned United States magistrate judge for a hearing, if necessary, and for

recommendation or determination under 28 U.S.C. § 636(b). *See* Dkt. No. 23.

No response has been filed, and the deadline to do so has passed. *See* N.D. TEX.

L. CIV. R. 7.1(e).

For the reasons explained below, the Court should deny Defendant Diamond

Offshore Services Limited's Motion for Rule 11 Sanctions [Dkt. No. 21] without

-1-

prejudice.

## Background

On March 12, 2018, Plaintiff Castro & Co., LLC filed its Original Complaint against Diamond Offshore Services Limited, Jane Munoz, and Emily Rosenburg, alleging causes of actions for Failure to Comply with 26 CFR 31.6051-1 and Tortious Interference with an Existing Contract. *See* Dkt. No. 1.

On March 16, 2018, Plaintiff Castro & Co., LLC filed a Notice of Voluntary Dismissal that dismissed Defendants Jane Munoz and Emily Rosenburg. *See* Dkt. No. 4.

On April 25, 2018, Diamond filed a Motion to Expedite Defendant Diamond Offshore Services Limited's Motion for Rule 11 Sanctions [Dkt. No. 12]. It attached a draft Motion for Rule 11 Sanctions against Plaintiff Castro & Co., LLC, Plaintiffs' counsel Joshua S. Milam, and Castro & Co.'s principal John A. Castro that Diamond's counsel served by email on April 12, 2018. *See* Dkt. No. 12-1.

On April 27, 2018, Plaintiffs Castro & Co., LLC and Johann Rabe filed a First Amended Complaint against only Diamond, alleging causes of actions for Declaratory and Injunctive Relief, Tortious Interference with an Existing Contract, Violation of 26 U.S.C. § 7434, Failure to Comply with 26 CFR 31.6051-1, Common Law Fraud, and Constructive Fraud. *See* Dkt. No. 14.

On May 3, 2018, the Court denied the Motion to Expedite Defendant Diamond Offshore Services Limited's Motion for Rule 11 Sanctions [Dkt. No. 12], explaining:

Defendant apparently served its Motion for Rule 11 Sanctions on April

12, 2018, as required by Federal Rule of Civil Procedure 11(c)(2)'s safe-harbor provision. The Motion for Rule 11 Sanctions asserts that Plaintiff, its counsel, and its principal have presented Plaintiffs Original Complaint [1] "for an improper purpose, namely (1) harassment and the causing of unnecessary expense for defendant, (2) claims or other legal contentions not warranted by existing law or for establishing new law, and (3) factual contentions that do not have and/or are unlikely to have evidentiary support." Under Rule 11(c)(2), the motion "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service" – here, May 3, 2018 – "or within another time the court sets." Defendant invokes limited authority for waiving Rule 11(c)(2)'s safe-harbor provision by conduct, citing Browne v. Nat'l Ass'n of Sec. Dealers, Inc., No. 3:05-cv-2469-G, 2006 WL 3770505 (N.D. Tex. Dec. 14, 2006), and Giganti v. Gen-X Strategies, Inc., 222 F.R.D. 299, 307 (E.D. Va. 2004) (holding that the plaintiffs "knowingly waived any right to complain about loss of no more than approximately five hours of the twenty-one day period"). In Browne, the Rule 11 sanctions request failed because a motion was never served as Rule 11(c)(2) requires, and Judge Fish explained that, while the court does not question Giganti's conclusion that a party may waive the safe harbor provision, the court found the waiver argument unpersuasive. In this case, John Anthony Castro – in the course of the same email communications on which Defendant bases its waiver request – expressly disclaimed any waiver of the 21-day safe harbor, see Dkt. No. 12-3, and Plaintiff has now filed a First Amended Complaint [14] on April 27, 2018. Under all of these circumstances – without passing on whether the amended complaint may or may not withdraw or appropriately correct the matters that Defendant is asserting are sanctionable under Rule 11 – the Court determines that a finding of waiver by conduct is not warranted here.

Dkt. No. 16.

On May 24, 2018, Diamond filed its Motion for Rule 11 Sanctions against Plaintiffs Johann Rabe and Castro & Co., LLC, Plaintiffs' counsel Joshua S. Milam, and Castro & Co.'s principal John A. Castro. *See* Dkt. No. 21. In support of the Motion, Diamond contends that "[a]ll conditions precedent to the filing of this motion have been satisfied," *id.* at 2, and, more specifically, that "[c]ounsel for defendant has discussed

this motion with counsel for plaintiffs, including providing ECF 12 (Diamond's Motion to Expedite) and ECF 12-1 (Draft Motion for Sanctions - Exhibit 1 to Motion to Expedite) to counsel for plaintiffs more than 21 days prior to filing this motion, in conformance with Fed. R. Civ. P. 11(c)(2)," *id.* at 3. And Diamond contends that Plaintiffs Castro & Co. LLC and Johann Rabe, John Anthony Castro, and Plaintiffs' counsel Joshua Scott Milam "received notice of all pertinent aspects of this motion at least 21 days before filing this motion with the Court. ECF 12 & 12-1; Fed. R. Civ. P. 11(c)(2)." Dkt. No. 22 at 7.

## Legal Standards

Rule 11 authorizes a court to impose sanctions on a party who files a pleading for an improper purpose, such as to harass the opposing party, delay the proceedings, or increase the expense of litigation. *See* FED. R. CIV. P. 11(b), (c). Sanctions under Rule 11 may be appropriate if the Court finds that a document has been presented for an improper purpose, *see* FED. R. CIV. P. 11(b)(1); the claims or defenses of the signer are not supported by existing law or by a good-faith argument for an extension or change in existing law, *see* FED. R. CIV. P. 11(b)(2); or the allegations and other factual statements lack evidentiary support or are unlikely to do so after a reasonable opportunity for investigation, *see* FED. R. CIV. P. 11(b)(3). The purpose of the rule is to "deter baseless filings in district court," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990), and "'to spare innocent parties and overburdened courts from the filing of frivolous lawsuits,'" *Cappa Fund III, L.L.C. v. Actherm Holding, A.S.*, No. 3:10-cv-897-

L, 2011 WL 817384, at *2 (N.D. Tex. Feb. 21, 2011) (quoting *Kurkowski v. Volcker,* 819

F.2d 201, 204 (8th Cir. 1987)), *rec. adopted,* 2011 WL 816861 (N.D. Tex. Mar. 9, 2011).

> As the Court has previously explained,

> [u]nder Rule 11, a motion for sanctions may not be filed until at least 21 days after service of the motion on the offending party. *See* FED. R. CIV. P. 11(c)(2). If, during this period, the alleged violation is withdrawn or appropriately corrected, the motion should not be filed with the court. These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to remedy the improper paper, claim, defense, contention, or denial. *See id.*; *see also Elliott v. Tilton,* 64 F.2d 213, 216 (5th Cir. 1995). The safe-harbor provision is strictly construed, and substantial compliance and informal notice and opportunity to withdraw are not sufficient. *See Reyes v. Kroger Texas, LP.* No. 3:10-cv-922-B, 2010 WL 4316084, at *4 (N.D. Tex. Oct. 2, 2010) (citing *In re Pratt,* 524 F.3d 580, 586-88 (5th Cir. 2008)), *rec. adopted,* 2010 WL 4321585 (N.D. Tex. Oct. 25, 2010). A Rule 11 motion for sanctions is properly denied when the movant fails to comply with the safe-harbor provision. *See Tompkins v. Cyr,* 202 F.3d 770, 788 (5th Cir. 2000). The movant has the burden to show compliance. *See Reyes,* 2010 WL 4316084, at *4 (citing *Harris v. Auxilium Pharms., Inc.,* 664 F. Supp. 2d 711, 724 (S.D. Tex. 2009)).

> ....

> Rule 11(c)(2) provides: "The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." FED. R. CIV. P. 11(c)(2). Rule 11's plain language provides that the movant must file with Court, after the expiration of the safe-harbor period, the motion that was served upon the adversary. *See Hyman v. Borack & Assocs.,* No. 8:12-cv-1088-T-23TGW, 2012 WL 6778491, at *2 (M.D. Fla. Dec. 17, 2012), *rec. adopted,* 2013 WL 68534 (M.D. Fla. Jan. 4, 2013); *see also Roth v. Green,* 466 F.3d 1179, 1192 (10th Cir. 2006) ("[t]he plain language ... requires a copy of the actual motion for sanctions to be served on the persons(s) accused of sanctionable behavior at least twenty-one days prior to the filing of that motion").

*OrchestrateHR, Inc. v. Trombetta,* 178 F. Supp. 3d 476, 498, 500 (N.D. Tex. 2016).

## Analysis

The Court should deny without prejudice Diamond's Motion for Rule 11 Sanctions [Dkt. No. 21] against Plaintiffs Johann Rabe and Castro & Co., LLC, Plaintiffs' counsel Joshua S. Milam, and Castro & Co.'s principal John A. Castro for failing to comply with Rule 11(c)(2).

Rule 11(c)(2) required Diamond to serve all of the respondents with a copy of the filed motion at least twenty-one days in advance of its filing. *See Askins v. Hagopian*, 713 F. App'x 380, 381 (5th Cir. 2018) (citing *In re Pratt*, 524 F.3d 580, 588 (5th Cir. 2008)). The United States Court of Appeals for the Fifth Circuit has "'continually held that strict compliance with Rule 11 is mandatory.'" *Id.* at 380 (quoting *In re Pratt*, 524 F.3d at 588 & n.30). "The requirement that the actual motion be served was deliberately imposed ... to ensure that the moving party understands the seriousness of [the] motion and [that it] will define precisely the conduct claimed to violate the rule." *Sortium USA, LLC v. Hunger*, No. 3:11-cv-1656-M, 2014 WL 1080765, at *4 (N.D. Tex. Mar. 18, 2014) (internal quotation marks omitted).

The filed Motion for Rule 11 Sanctions [Dkt. No. 21] is not the same motion as the draft Motion for Rule 11 Sanctions against Plaintiff Castro & Co., LLC, Plaintiffs' counsel Joshua S. Milam, and Castro & Co.'s principal John A. Castro that Diamond's counsel served by email on April 12, 2018. *See* Dkt. No. 12-1. After Diamond served that draft Rule 11 sanctions motion [Dkt. No. 12-1] that was directed to Plaintiff Castro & Co., LLC's Original Complaint [Dkt. No. 1] – but before Diamond filed its Motion for Rule 11 Sanctions [Dkt. No. 21] – Plaintiffs Castro & Co., LLC and Johann

Rabe filed a First Amended Complaint [Dkt. No. 14].

That Diamond chooses to seek Rule 11 sanctions based on the amended complaint if it believes that the amended complaint did not withdraw or appropriately correct the matters that Diamond asserts are sanctionable under Rule 11 may be understandable, but it does not change the fact that the filed Motion for Rule 11 Sanctions [Dkt. No. 21] was not served on Plaintiffs Johann Rabe and Castro & Co., LLC, Plaintiffs' counsel Joshua S. Milam, and Castro & Co.'s principal John A. Castro at least 21 days before file as Rule 11(c)(2) requires.

Having served the draft Rule 11 sanctions motion [Dkt. No. 12-1] does not satisfy Rule 11(c)(2)'s requirements where, unlike the filed Motion for Rule 11 Sanctions [Dkt. No. 21], that draft motion (1) was directed to Plaintiff Castro & Co., LLC's Original Complaint [Dkt. No. 1], which raised fewer causes of action than First Amended Complaint [Dkt. No. 14], (2) did not seek sanctions against Plaintiff Johann Rabe, and (3) does not include an entire section of the brief in support of the filed Motion for Rule 11 Sanctions [Dkt. No. 21] that addresses other actions that Castro has filed, *see* Dkt. No. 22 at 16-21.

Under the governing case law, it is no answer on this record to allege that the respondents against whom Diamond seeks Rule 11 sanctions "received notice of all pertinent aspects of [the filed Motion for Rule 11 Sanctions] at least 21 days before filing this motion with the Court." Dkt. No. 22 at 7. As fully explained above, Rule 11(c)(2) requires strict, not "substantial," compliance and that includes that Diamond may only file, after the expiration of the safe-harbor period, the actual motion that was

-7-

served on the respondents.

## Recommendation

For the reasons explained above, the Court should deny Defendant Diamond Offshore Services Limited's Motion for Rule 11 Sanctions [Dkt. No. 21] without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 21, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE